## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| CYNTHIA CLARK, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>    v.<br><br>BANK OF AMERICA, N.A,<br><br>        Defendant. | Case No.:  1:18-cv-3672<br><br>**CLASS ACTION COMPLAINT**<br><br><br>JURY TRIAL DEMANDED |

Plaintiff Cynthia Clark ("Plaintiff or "Ms. Clark"), on behalf of herself and all others similarly situated, by and through her counsel, brings this Class Action Complaint ("Complaint") against Defendant Bank of America, N.A. ("Defendant" or "BofA"), and in support thereof, alleges as follows:

### NATURE OF THE ACTION

1.      BofA, like many other mortgage lenders, requires borrowers to maintain escrow accounts containing sufficient funds to cover payments for property taxes and insurance on mortgaged properties.  BofA collects these funds from borrowers in advance, holds the funds in escrow accounts, and then directly pays property taxes and insurance premiums when they become due.

2.      In violation of Maryland law, BofA did not pay interest on these deposited funds.

3.      Instead, BofA uses this money to generate "float" income—income derived from funds held on a temporary basis in accounts established by a lender or other service provider—which it keeps for itself.

4.      Funds sitting in an escrow account are the property of the borrower, not BofA.

For this reason, Maryland law requires lenders—including BofA—to pay interest on escrowed funds to the true owner of these funds, and dictates that lenders may not use those amounts solely for their own benefit.

5.     Because BofA has ignored this legal obligation, Ms. Clark now brings this Complaint to stop BofA's unlawful conduct and to seek redress for borrowers who did not receive the interest to which they were entitled.

## JURISDICTION AND VENUE

6.     This Court has subject matter jurisdiction over Ms. Clark's claims pursuant to 28 U.S.C. § 1332(d) because there are 100 or more class members; at least one class member is a citizen of a state that is diverse from BofA's citizenship; and the matter in controversy exceeds $5 million, exclusive of interest and costs.

7.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this is a civil action arising under the Constitution, laws, or treaties of the United States.

8.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1337(a) because Ms. Clark asserts a claim arising under an Act of Congress regulating commerce or protecting trade and commerce against restraints and monopolies.

9.     This Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1640(e) because Ms. Clark asserts a claim arising under 15 U.S.C. § 1640 and the Truth in Lending Act.

10.     This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Ms. Clark's other claims because they are so related to claims in the action that fall within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

11.     Venue is appropriate in this District pursuant to 28 U.S.C. § 1391(b)(2) because this is a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated.

## PARTIES

12.     Plaintiff Cynthia Clark is a resident of Westminster, Maryland.

13.     Upon information and belief, Defendant Bank of America, N.A. is a national banking association with a main office in North Carolina listed in its articles of association and a principal place of business in North Carolina.

## FACTS RELEVANT TO ALL CLAIMS FOR RELIEF

14.     BofA is the second largest bank in the United States as well as one of largest mortgage lenders in the United States.

15.     As part of its business, BofA lends money to borrowers for the purchase of residential property.

16.     In order to initiate such transactions, borrowers enter into a mortgage agreement with BofA that involves the use of a residential home as collateral.

17.     BofA utilizes form mortgage agreements that generally require the borrower to maintain an escrow account with BofA.

18.     In accordance with the mortgage agreements, borrowers prepay property-related expenses, such as property taxes and insurance premiums, by transferring funds to BofA for placement into the escrow account.

19.     BofA utilizes the funds in escrow accounts to generate "float" income for itself.

20.     BofA did not pay interest to Ms. Clark and the Class members on the funds held in escrow accounts.

21.     The laws of Maryland explicitly require that lenders pay interest on funds in escrow accounts.

22.     Md. Com. Law Code § 12-109(b)(1) provides:

> A lending institution which lends money secured by a first mortgage or first deed of trust on any interest in residential real property and creates or is the assignee of an escrow account in connection with that loan shall pay interest to the borrower on the funds in the escrow account at an annual rate not less than the weekly average yield on United States Treasury securities adjusted to a constant maturity of 1 year, as published by the Federal Reserve in "Selected Interest Rates (Daily) -- H.15", as of the first business day of the calendar year.

23.     Further, Md. Com. Law Code § 12-109(b)(2) provides:

> Interest on these funds shall be:
>
> (i) Adjusted, if applicable, as of the first day of each calendar year to reflect the rate to be paid during that year, as determined under paragraph (1) of this subsection;
>
> (ii) Computed on the average monthly balance in the escrow account; and
>
> (iii) Paid annually to the borrower by crediting the escrow account with the amount of interest due.

24.     Through the Truth in Lending Act ("TILA") Congress has mandated that "[i]f prescribed by applicable State or Federal law, each creditor shall pay interest to the consumer on the amount held in any impound, trust, or escrow account that is subject to this section in the manner as prescribed by that applicable State or Federal law." 15 U.S.C. § 1639d(g)(3).

25.     BofA is well-aware of its legal obligations pertaining to escrow accounts.

26.     Despite the requirements of the laws of Maryland, BofA systematically refuses to pay interest on funds held in escrow accounts of Ms. Clark and members of the Class.

27.     Ms. Clark purchased a house in Westminster, Maryland in or about August 1995, and financed the purchase with a loan from BofA's predecessor-in-interest, Washington Mortgage Company.

28.     On or about February 13, 2013, Ms. Clark entered into a mortgage agreement in the form of a deed of trust (the "Deed of Trust"), pursuant to which BofA took a security interest in Ms. Clark's home.

29.     Nothing in the Deed of Trust permits BofA to withhold interest accrued on escrow funds. This agreement also states that BofA will pay interest on escrowed funds if "Applicable Law requires interest to be paid on the Funds."

30.     The Deed of Trust specifically defines "Applicable Law" as "all controlling applicable federal, state and local statutes, regulations, ordinances, and administrative rules and orders (that have the effect of law) as well as all applicable final non-appealable judicial opinions."

31.     Since 2013, Ms. Clark has continuously made monthly mortgage payments to BofA, a portion of which have been placed in the escrow account.

32.     BofA failed to pay interest on the funds Ms. Clark placed in escrow in violation of federal and Maryland state laws.

33.     Upon information and belief, BofA profited off the funds held in escrow by generating float income, which BofA retained for itself.

## CLASS ALLEGATIONS

34.     Ms. Clark brings this Complaint on behalf of herself and the following class:

All mortgagors who entered into a mortgage agreement or deed of trust with Bank of America, N.A. (or its related entities, predecessors-in-interest, or successors) secured by a residential property located in Maryland, who paid money into an escrow account for taxes, insurance, or for other purposes relating to the secured

property, and who did not receive the interest due on funds held in the escrow account (the "Class").

35.     Specifically excluded from the Class is any entity in which BofA has a controlling interest or which has a controlling interest in BofA, BofA's legal representatives, assigns, and successors, and any Judge to whom this action is assigned and any member of such Judge's staff and immediate family.

36.     Class-wide adjudication of Ms. Clark's claims is appropriate because Ms. Clark can prove the elements of her claims on a class-wide basis using the same evidence as would be used to prove those elements in individual actions asserting the same claims.

37.     *Numerosity*: The members of the Class are so numerous that joinder of individual members is impracticable.

38.     The members of the Class can be readily identified through BofA's records.

39.     *Commonality*: There are significant questions of fact and law common to the members of the Class.  These issues include, but are not limited to:

    a.   Whether BofA systematically engaged in a conduct that violates federal law or the law of Maryland with respect to the payment of interest on funds held in escrow accounts;

    b.   Whether BofA's conduct breached the mortgage agreements of Class members;

    c.   Whether BofA owes damages, restitution, or reimbursement to Class members; and

    d.   Whether injunctive relief is appropriate to prohibit BofA from engaging in wrongful conduct in the future.

40.     *Typicality*: Ms. Clark's claims are typical of the claims of the other members of the Class.  Ms. Clark and members of the Class have been adversely affected and damaged by BofA's failure to pay interest.

41.     *Adequacy of Representation*: Ms. Clark will fairly and adequately represent the Class.  Ms. Clark has the best interests of the members of the Class in mind.  Ms. Clark is also represented by qualified counsel with extensive experience representing classes, including experience prosecuting class actions against large financial institutions.

42.     *Superiority*: A class action is superior to other available methods for the fair and efficient adjudication of these claims because individual joinder of the claims of all members of the Class is impracticable.  Many members of the Class are without the financial resources necessary to pursue this matter.  Even if some could afford to litigate claims separately, such a result would be unduly burdensome to the courts in which the individualized cases would proceed.  Individual litigation increases the time and expense of resolving a common dispute concerning BofA's actions toward an entire group of individuals.  Class action procedures allow for far fewer management difficulties in matters of this type and provide the unique benefits of unitary adjudication, economies of scale, and comprehensive supervision over the entire controversy by a single judge in a single court.

43.     The Class may be certified pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure because BofA has acted on grounds generally applicable to the Class, thereby making final injunctive relief and corresponding declaratory relief appropriate with respect to the claims raised by the Class.

44.     The Class may also be certified pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure because questions of law and fact common to members of the Class will

predominate over questions affecting individual members, and a class action is superior to other methods for fairly and efficiently adjudicating the controversy and causes of action described in this Complaint.

## CLAIMS FOR RELIEF

## FIRST CLAIM FOR RELIEF
### (Breach of Contract)

45.     Ms. Clark repeats and re-alleges all the foregoing allegations as if they were fully set forth herein.

46.     Ms. Clark and the Class members entered into binding agreements with BofA.

47.     Members of the Class entered into substantially similar agreements with BofA.

48.     Federal law and Maryland law require BofA to pay interest on funds held in escrow for Ms. Clark and the Class members.

49.     BofA did not pay interest on the funds held in escrow for Ms. Clark and Class members in violation of state and federal laws.

50.     BofA therefore breached its agreements with Ms. Clark and the Class members by failing to comply with federal and Maryland state law requiring interest to be paid.

51.     By reason of the foregoing, Ms. Clark and the Class members are entitled to judgment in the amount to be determined at trial, together with interest thereon; reasonable attorney's fees and costs; and injunctive relief barring future breaches of BofA's agreements

## SECOND CLAIM FOR RELIEF
### (Violation of Md. Com. Law Code § 12-109)

52.     Ms. Clark repeats and re-alleges all the foregoing allegations as if they were fully set forth herein.

53.     BofA is a "lending institution" within the meaning of Md. Comm. Law Code § 12-109(a)(3).

54.     Ms. Clark and BofA executed an agreement in connection with a mortgage of a residential property located within Maryland.

55.     BofA maintains an escrow account pursuant to this agreement.

56.     Ms. Clark has paid money into the escrow account.

57.     BofA did not pay or credit Ms. Clark with interest on the funds in the escrow account.

58.     By failing to pay interest on escrowed funds to Ms. Clark and Class members, BofA has violated Maryland law.

59.     As a result of BofA's unlawful conduct, Ms. Clark and the members of the Class have been damaged in an amount to be determined at trial.

60.     BofA's violations of Maryland law are ongoing.

61.     By reason of the foregoing, Ms. Clark and the members of the Class are entitled to all monetary damages, statutory damages, punitive damages, interest on damages, injunctive relief, declaratory relief, reasonable attorney's fees and cost, and any other form of relief permitted under Maryland law.

**THIRD CLAIM FOR RELIEF**
**(Violation of Md. Com. Law Code § 13-301, *et seq*.)**

62.     Ms. Clark repeats and re-alleges all the foregoing allegations as if they were fully set forth herein.

63.     BofA has engaged in unfair, abusive, or deceptive trade practices the conduct of a business, trade or commerce or in the furnishing of a service in Maryland.

64.     Ms. Clark is a "consumer" within the meaning of Md. Com. Law Code § 13-101(c).

65.     BofA is a "merchant" within the meaning of Md. Com. Law Code § 13-101(g).

66.     BofA made false or misleading statements and representations of a, kind which has the capacity, tendency, or effect of deceiving or misleading consumers.

67.     BofA's conduct was intentional, willful, and knowing.

68.     BofA engaged in deceptive acts or practices by failing to pay interest on funds held in escrow accounts to Ms. Clark and members of the Class.

69.     When presented with a mortgage agreement stating that BofA will comply with all requirements of state and federal law, a reasonable consumer would conclude that BofA would comply with applicable state and federal laws concerning interest on mortgage escrow accounts.

70.     Yet, at the time BofA issued its mortgage agreements stating that it would comply with all requirements of state and federal law, BofA was aware of the applicable law, and knew it would not pay interest on Ms. Clark's and Class members' funds held in escrow.

71.     BofA's periodic statements to Ms. Clark and members of the Class do not accurately reflect amounts owed to and by borrowers because they do not include interest that BofA is required to pay on funds held in escrow.

72.     A reasonable consumer who receives a monthly or periodic mortgage statement or escrow summary report would assume that the information and figures listed therein would be accurate and in accordance with state law and federal law.

73.     However, as part of its scheme, BofA knowingly and intentionally sends or otherwise makes available monthly and other periodic statements to borrowers that are false or misleading because they do not include applicable interest amounts on escrowed funds to which Ms. Clark and members of the Class are entitled.

10

74.     Further, as part of its scheme, BofA knowingly and intentionally sends or otherwise makes available monthly and other periodic statements to borrowers that are false or misleading because they do not accurately reflect off-setting amounts of escrow interest owed by BofA to borrowers under the terms of mortgage agreements and under federal and state law.

75.     Ms. Clark and the members of the Class were injured through their consumer banking relationship with BofA.

76.     As a result of BofA's deceptive conduct, Ms. Clark and the members of the Class have been damaged in an amount to be determined at trial.

77.     BofA's violations of Maryland Consumer Protection Act are ongoing.

78.     By reason of the foregoing, Ms. Clark and the members of the Class are entitled to all monetary damages, statutory damages, punitive damages, interest on damages, injunctive relief, declaratory relief, reasonable attorney's fees and cost, and any other form of relief permitted under the Maryland Consumer Protection Act and other applicable laws.

## FOURTH CLAIM FOR RELIEF
### (Unjust Enrichment)

79.     Ms. Clark repeats and re-alleges all the foregoing allegations as if they were fully set forth herein.

80.     BofA is obligated to pay interest on the amounts Ms. Clark and members of the Class pay into escrow accounts.

81.     BofA breached this legal obligation.

82.     BofA uses the amounts it was obligated to pay as interest to consumers to generate float income for itself.

83.     This float income is distinct from the interest owed to Ms. Clark and members of the Class.

84.     BofA was enriched through this float income.

85.     BofA, in good conscience, should not be permitted to retain this income.

86.     BofA has been unjustly enriched.

87.     Ms. Clark and the members of the Class have been damaged through BofA's conduct in an amount to be determined at trial.

88.     By reason of the foregoing, Ms. Clark and the members of the Class are entitled to the disgorgement of all amounts by which BofA was unjustly enriched, together with interest thereon, injunctive relief barring future unjust enrichment of BofA, and reasonable attorney's fees and costs.

## FIFTH CLAIM FOR RELIEF
### (Violation of the Truth In Lending Act, 15 U.S.C. §§ 1639d(g)(3) and 1640)

89.     Ms. Clark repeats and realleges all the foregoing allegations as if they were fully set forth herein.

90.     Ms. Clark is a "person," as defined in 15 U.S.C. § 1602(e).

91.     Ms. Clark is a "consumer," as defined in 15 U.S.C. § 1602(i).

92.     BofA is a "creditor" as defined in 15 U.S.C. § 1602(g).

93.     Ms. Clark maintains an account with BofA that is an "impound, trust, or escrow account" within the meaning of 15 U.S.C. §§ 1639d(g)(3).

94.     The Truth in Lending Act requires that BofA pay interest on funds held in escrow accounts as required under Maryland law.

95.     BofA failed to pay interest on funds held in escrow accounts as required under Maryland law and the Truth in Lending Act.

96.     As a result of BofA's violation of the Truth in Lending Act, Ms. Clark and the members of the TILA Class have been damaged in an amount to be determined at trial.

97.     By reason of the foregoing, Ms. Clark and the members of the TILA Class are entitled to: their actual damages, together with interest thereon; statutory damages in an amount of not more than the lesser of $1,000,000 or 1 per centum of the net worth of BofA; and their reasonable attorney's fees and legal costs.

## PRAYER FOR RELIEF

WHEREFORE, Ms. Clark respectfully requests that the Court grant judgment in her favor and in favor of the members of the Class and:

A.      Certify the Class under Federal Rule of Civil Procedure 23(b)(2) and 23(b)(3);

B.      Appoint Ms. Clark as the representative of the class;

C.      Appoint Ms. Clark's counsel as counsel for the class;

D.      On the First Claim for Relief, award judgment in the amount to be determined at trial, together with interest thereon; reasonable attorney's fees and costs; and injunctive relief barring future breaches of BofA's agreements;

E.      On the Second Claim for Relief, award judgment in an amount to be determined at trial, including all monetary damages, statutory damages, punitive damages, interest on damages, as well as all injunctive relief, declaratory relief, reasonable attorney's fees and cost, and any other form of relief permitted under Md. Code, Com. Law § 12-109.

F.      On the Third Claim for Relief, award judgment in an amount to be determined at trial, including all monetary damages, statutory damages, punitive damages, interest on damages, as well as all injunctive relief, declaratory relief, reasonable attorney's fees and cost, and any other form of relief permitted under Md. Code, Com. Law § 13-301, *et seq*.;

G.      On the Fourth Claim for Relief, award judgment in an amount to be determined at trial, including the disgorgement of all amounts by which BofA was unjustly enriched, together

with interest thereon; reasonable attorney's fees and costs; and injunctive relief barring the future

unjust enrichment of BofA;

      H.      On the Fifth Claim for Relief, award judgment in an amount to be determined at

trial, including all available monetary and statutory damages, together with interest thereon; and

reasonable attorney's fees and costs;

      I.      Award pre and post-judgment interest on all amounts awarded;

      J.      Award of all available costs; and

      K.      Grant such other and further relief as the Court deems just and proper.

## JURY DEMAND

      Ms. Clark, individually and on behalf of all members of the Class, respectfully demand a

trial by jury on all claims for relief so triable.

Dated: November 29, 2018

      _____
Hassan A. Zavareei
David Lawler (*pro hac vice* forthcoming)
**TYCKO & ZAVAREEI LLP**
1828 L Street, NW Suite 1000
Washington, DC 20036
Telephone: (202) 973-0900
Facsimile: (202) 973-0950
hzavareei@tzlegal.com
dlawler@tzlegal.com

Jonathan M. Streisfeld (*pro hac vice* forthcoming)
**KOPELOWITZ OSTROW FERGUSON WEISELBERG GILBERT**
One W. Las Olas Blvd., Suite 500
Fort Lauderdale, Florida 33301
Telephone No. (954) 525-4100
Facsimile No. (954) 525-4300
streisfeld@kolawyers.com
ostrow@kolawyers.com

Todd S. Garber (*pro hac vice* forthcoming)
Bradley F. Silverman (*pro hac vice* forthcoming)
**FINKELSTEIN, BLANKINSHIP,**
**FREI-PEARSON & GARBER, LLP**
455 Hamilton Avenue, Suite 605
White Plains, New York 10601
Tel: (914) 298-3281
Fax: (914) 908-6709
tgarber@fbfglaw.com
bsilverman@fbfglaw.com

Jeffrey S. Goldenberg (*pro hac vice* forthcoming)
**GOLDENBERG SCHNEIDER, L.P.A.**
One West Fourth Street, 18th Floor
Cincinnati, Ohio  45202-3604
Tel:  513.345.8297
Fax: 513.345.8294
jgoldenberg@gs-legal.com

*Attorneys for Plaintiff and putative class*