# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

CYNTHIA CLARK, individually and on behalf of
all others similarly situated,

     Plaintiff,

     v.

BANK OF AMERICA, N.A.,

     Defendant.

Civil Case No.: 1:18-cv-3672 (SAG)

**REDACTED VERSION**

## MEMORANDUM IN SUPPORT OF
## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Thomas M. Hefferon (Bar No. 15109)
Tierney E. Smith (Bar No. 20781)
GOODWIN PROCTER LLP
1900 N Street NW
Washington, D.C. 20036
T: (202) 346-4000
THefferon@goodwinlaw.com
TierneySmith@goodwinlaw.com

Mark W. Mosier (admitted *pro hac vice*)
Andrew Soukup  (admitted *pro hac vice*)
Jeffrey Huberman (admitted *pro hac vice*)
COVINGTON & BURLING LLP
One CityCenter, 850 10th Street NW
Washington, D.C. 20001
T: (202) 662-6000
mmosier@cov.com
asoukup@cov.com
jhuberman@cov.com

*Attorneys for Defendant Bank of America, N.A.*

## TABLE OF CONTENTS

INTRODUCTION ................................................................................................................. 1

BACKGROUND .................................................................................................................. 2

    A.    Mortgage Escrow Accounts. ............................................................................ 2

    B.    Plaintiff's 2005 Mortgage Loan. ..................................................................... 3

    C.    Plaintiff's 2010 Mortgage Loan. ..................................................................... 4

    D.    Plaintiff's 2013 Mortgage Loan. ..................................................................... 5

    E.    Plaintiff's Lawsuit. .......................................................................................... 6

    F.    Plaintiff's New Mortgage Loan. ..................................................................... 7

PROCEDURAL STANDARD ............................................................................................. 7

ARGUMENT ....................................................................................................................... 8

I.    THERE IS NO PRIVATE RIGHT OF ACTION TO ENFORCE SECTION 12-109 .................................................................................................................. 8

II.    PLAINTIFF'S MCPA CLAIM FAILS. ................................................................ 10

    A.    Plaintiff Has Not Identified an Actionable Misrepresentation. ..................... 12

        1.    A Breach-of-Contract Cannot Give Rise to an MCPA Claim. ................ 12

        2.    A Mistake of Law Cannot Give Rise to an MCPA Claim. ...................... 13

    B.    Plaintiff's MCPA Claim Is Barred by the Statute of Limitations. ................ 15

    C.    Plaintiff Did Not Rely on Any Alleged Misrepresentation. .......................... 17

III.    PLAINTIFF'S BREACH-OF-CONTRACT CLAIM FAILS. ......................... 18

    A.    Plaintiff Failed to Comply With the Notice-And-Cure Provision of Her Mortgage Agreement. ..................................................................................... 19

    B.    Plaintiff May Not Recover Damages for Interest Not Paid Prior to November 2015. ............................................................................................. 22

IV.    PLAINTIFF'S UNJUST ENRICHMENT CLAIM FAILS. .............................. 22

V.    PLAINTIFF CANNOT PURSUE INJUNCTIVE RELIEF. ............................. 24

CONCLUSION.................................................................................................................... 25

APPENDIX………………………………………………………………………...…A-1

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Baker v. Montgomery County,*
   427 Md. 691 (2012) ...........................................................................8, 9, 10

*Bank of Am., N.A. v. Jill P. Mitchell Living Tr.,*
   822 F. Supp. 2d 505 (D. Md. 2011) ..................................................18

*Bank of Am., N.A. v. Hymes,*
   No. 20-3582 (2d Cir. Feb. 19, 2021).................................................14

*Berry & Gould, P.A. v. Berry,*
   360 Md. 142 (2000) ...........................................................................23

*Bezmenova v. Ocwen Fin. Corp.,*
   2013 WL 3863948 (D. Md. July 23, 2013).........................................12

*Casey v. Geek Squad Subsidiary Best Buy Stores, L.P.,*
   823 F. Supp. 2d 334 (D. Md. 2011) ..................................................11

*Chavis v. Blibaum Assocs., P.A.,*
   246 Md. App. 517 (2020) ....................................................1, 13, 14, 15

*City of Los Angeles v. Lyons,*
   461 U.S. 95 (1983)...........................................................................24, 25

*Cty. Comm'rs of Caroline County v. J. Roland Dashiell & Sons, Inc.,*
   358 Md. 83 (2000) .............................................................................23

*Currie v. Wells Fargo Bank, N.A.,*
   950 F. Supp. 2d 788 (D. Md. 2013) ..................................................17

*DaimlerChrysler Corp. v. Cuno,*
   547 U.S. 332 (2006)............................................................................24

*Ellis v. J.P. Morgan Chase & Co.,*
   2016 WL 5815733 (N.D. Cal. Oct. 5, 2016).......................................15

*Erie Ins. Co. v. Chops,*
   322 Md. 79 (1991) ..............................................................................9

*Estep v. Fed. Home Loan Mortg. Corp.,*
   2014 WL 1276495 (S.D.W. Va. Mar. 27, 2014) ................................21

*Fangman v. Genuine Title, LLC*,
    447 Md. 681 (2016) ...................................................................................................9

*Gerber v. First Horizon Home Loans Corp.*,
    2006 WL 581082 (W.D. Wash. Mar. 8, 2006) ......................................................19

*Giotta v. Ocwen Fin. Corp.*,
    2016 WL 4447150 (N.D. Cal. Aug. 24, 2016) ......................................................21

*Green v. Wells Fargo Bank, N.A.*,
    927 F. Supp. 2d 244 (D. Md. 2013) ......................................................................12

*Hebbeler v. First Mariner Bank*,
    2018 WL 3818855 (D. Md. Aug. 10, 2018) ...............................................1, 12, 22

*Hill v. Nationstar Mortg. LLC*,
    2015 WL 4478061 (S.D. Fla. July 2, 2015).........................................................21

*Hymes v. Bank of Am., N.A.*,
    2020 WL 9174972 (E.D.N.Y. Sept. 29, 2020) ...............................................14, 24

*Hymes v. Bank of Am., N.A.*,
    408 F. Supp. 3d 171 (E.D.N.Y. 2019) ..................................................................15

*Lantry v. Pitney Bowes Inc.*,
    2011 WL 3843693 (D. Md. Aug. 29, 2011) .........................................................24

*Laurel Race Course, Inc. v. Regal Const. Co.*,
    274 Md. 142 (1975) ...............................................................................................19

*Lloyd v. Gen. Motor Corp.*,
    397 Md. 108 (2007) ...............................................................................................17

*Lupo v. JPMorgan Chase Bank, N.A.*,
    2015 WL 5714641 (D. Md. Sept. 28, 2015) .........................................................18

*Lusnak v. Bank of Am., N.A.*,
    883 F.3d 1185 (9th Cir. 2018) ..............................................................................14

*Master Fin., Inc. v. Crowder*,
    409 Md. 51 (2009) .................................................................................................15

*McMullen v. Synchrony Bank*,
    300 F. Supp. 3d 292 (D.D.C. 2018)......................................................................15

*Neal v. Pentagon Fed. Credit Union*,
    2018 WL 5786119 (D. Md. Nov. 5, 2018) ...........................................................17

*Niyaz v. Bank of Am.*,
    2011 WL 63655 (E.D. Va. Jan. 3, 2011) ................................................................................21

*O'Shea v. Littleton*,
    414 U.S. 488 (1974) ................................................................................................................24

*Pfendler v. PNC Bank, Nat'l Ass'n*,
    2018 WL 2688502 (W.D. Pa. June 5, 2018) ..........................................................................21

*Richards v. NewRez LLC*,
    2021 WL 1060286 (D. Md. Mar. 18, 2021) ...........................................................................19

*Rojas v. Delta Airlines, Inc.*,
    425 F. Supp. 3d 524 (D. Md. 2019) ..................................................................................13, 14

*Rose v. Chase Bank USA, N.A.*,
    513 F.3d 1032 (9th Cir. 2008) .....................................................................................11, 26, 27

*Schaeffer v. United Bank & Trust Co.*,
    32 Md. App. 339 (Ct. Spec. App. 1976) ...............................................................................10

*Schwartz v. Travelers Prop. Cas. Ins. Co.*,
    2021 WL 1060289 (D. Md. Mar. 19, 2021) .............................................................................8

*Scull v. Groover*,
    435 Md. 112 (2013) ..................................................................................................................9

*Smith v. Flagstar Bank, F.S.B.*,
    2015 WL 1221270 (E.D. Va. Mar. 17, 2015) ........................................................................15

*Sosa v. DIRECTV, Inc.*,
    437 F.3d 923 (9th Cir. 2006) .................................................................................................15

*Staley v. Americorp Credit Corp.*,
    164 F. Supp. 2d 578 (D. Md. 2001) .......................................................................................10

*Touche Ross & Co. v. Redington*,
    442 U.S. 560 (1979) .............................................................................................................8, 9

*Wal Mart Stores, Inc. v. Holmes*,
    416 Md. 346 (2010) ..................................................................................................................9

*Walton v. Wells Fargo Bank, N.A.*,
    2013 WL 3177888 (D. Md. June 21, 2013) ...........................................................................15

*Wilde v. Flagstar Bank FSB*,
    2019 WL 1099841 (S.D. Cal. March 8, 2019) ......................................................................21

**Statutes**

Md. Code, Comm. Law § 12-103 ...............................................................................10

Md. Code, Comm. Law § 12-104 ...............................................................................10

Md. Code, Comm. Law § 12-109 ........................................................................ *passim*

Md. Code, Comm. Law § 12-111(b)...........................................................................10

Md. Code, Comm. Law § 12-114(b)(1) .....................................................................10

Md. Code, Comm. Law § 13-301(1)...............................................................7, 10, 12

Md. Code, Comm. Law § 13-301(3)...........................................................................11

Md. Code Cts & Jud. Proc. § 5-101 ....................................................................15, 22

**Regulations**

12 C.F.R. § 34.4 ...............................................................................................4, 11, 14

**Other Authorities**

Bureau of Consumer Financial Protection, Escrow Requirements Under The Truth
    in Lending Act,
    78 Fed. Reg. 4,726 (Jan. 22, 2013) ............................................................3

Office of the Comptroller of the Currency, Conditional Approval No. 276,
    1998 WL 363812 (May 8, 1998) ................................................................3

H.R. Rep. No. 111-94 (2009)......................................................................................3

State of Maryland Opinion No. 90-025, 75 Md. Op. Atty. Gen. 218,
    1990 WL 595325 (May 29, 1990) ...................................................4, 13

## INTRODUCTION

Plaintiff Cynthia Clark obtained a mortgage loan from Bank of America in 2013. In connection with that mortgage loan, Bank of America established an escrow account that was used to make tax and insurance payments on Plaintiff's behalf. When she obtained her mortgage loan, Plaintiff paid no attention to whether she would receive interest on her escrow account.

At some point, Plaintiff reviewed her escrow account statements and apparently realized that she had not received interest on her mortgage escrow account. More than five years after she obtained her mortgage loan, Plaintiff filed this lawsuit based on her contention that Md. Code, Comm. Law § 12-109 requires Bank of America to do so. In addition to bringing a claim directly under § 12-109, Plaintiff also asserts claims for violations of the Maryland Consumer Protection Act ("MCPA") and for breach of contract and unjust enrichment.

Discovery on Plaintiff's individual claims is now complete. The undisputed evidence demonstrates that Bank of America is entitled to summary judgment on all of Plaintiff's remaining claims, for a number of independent reasons.

*First*, Plaintiff has asserted a claim directly under Section 12-109 itself, but that claim fails because there is no private right of action to enforce that provision.

*Second*, Plaintiff cannot prevail on her MCPA claim, which prohibits in relevant part misrepresentations of material facts. The only purported misrepresentation Plaintiff has identified appears in her mortgage agreement, in which she claims Bank of America promised it would comply with Section 12-109. Plaintiff's mortgage agreement cannot support an MCPA claim for two reasons: a party may not predicate an MCPA claim on a mere breach of contract, and a party "cannot be liable under the MCPA for asserting a legal position on a novel issue of law, which turned out to be incorrect," as is the case with Bank of America's federal preemption defense. *Chavis v. Blibaum Assocs., P.A.*, 246 Md. App. 517, 535 (2020). Even if Plaintiff could base an

1

MCPA claim on her mortgage agreement or a representation of law, her MCPA claim is barred by the statute of limitations, and there is no evidence that Plaintiff relied on any alleged misrepresentation.

*Third*, Plaintiff did not fulfill the notice-and-cure provision of her contract before filing this lawsuit and is thus barred from pursuing her breach-of-contract claim.  At a minimum, Plaintiff cannot recover damages on a breach-of-contract theory for interest that accrued more than three years before she filed this lawsuit.

*Fourth*, although Plaintiff asserted a claim for unjust enrichment, she did not seek class certification on that claim, and any individual claim she still intends to assert lacks merit. Plaintiff's individual unjust enrichment claim survived a motion to dismiss based on Plaintiff's allegation that Bank of America earned income off the funds it held in Plaintiff's escrow account, but no evidence supports that allegation.  In any event, an unjust enrichment claim may not proceed given that the mortgage agreement governs Plaintiff's entitlement to receive interest on escrowed funds.

*Finally*, Plaintiff is not entitled to injunctive relief:  she has sold her Maryland home, paid off her Bank of America mortgage, and no longer intends to do business with Bank of America in the future, which means that she will not benefit from any injunction.

## BACKGROUND

### A.    Mortgage Escrow Accounts.

Like many lenders, Bank of America often establishes an escrow account at the time it makes a mortgage loan.  Escrow accounts are an important tool that banks use to mitigate risk:  if the property securing the bank's loan is damaged or destroyed, or if the government obtains a tax lien that is superior to the mortgagee's rights, then the value of the bank's security is diminished. *See, e.g.*, Bruce E. Foote, Mortgage Escrow Accounts:  An Analysis of the Issues 1 (Cong.

Research Serv. 1998) (explaining history of escrow account requirements since the 1930s). To prevent such losses and other risks, banks contractually obligate borrowers to secure insurance and pay their taxes on time and then use escrows to require that part of the borrower's monthly payments be set aside to make tax and insurance payments on the borrower's behalf. *See* H.R. Rep. No. 111-94, at 53 (2009). This is a "benefit to the borrowers as it relieves them of the tasks of paying such regular tax and insurance obligations in a lump sum," OCC, Conditional Approval No. 276, 1998 WL 363812, at *9 (May 8, 1998), and it mitigates risk because borrowers with escrow accounts have "a lower probability of default and possible foreclosure," CFPB, Escrow Requirements Under The Truth in Lending Act, 78 Fed. Reg. 4,726, 4,744 (Jan. 22, 2013)

### B.    Plaintiff's 2005 Mortgage Loan.

In 2005, Plaintiff refinanced her mortgage loan, with Bank of America as her new lender. When she did so, an escrow account was established to make tax and insurance payments on Plaintiff's behalf. Plaintiff found having a mortgage escrow account to be helpful because she "didn't have to worry about paying the taxes and insurance." *See* Ex. 1 ("Clark Dep.") at 55:21-56:14.

Plaintiff never asked Bank of America whether she would receive interest on funds set aside in this escrow account. *Id.* at 64:22-65:8. However, when she closed on her 2005 mortgage loan, Plaintiff signed an "Escrow Reserve Account or Waiver Agreement." *See* Ex. 2. In that agreement, Bank of America told Plaintiff that "interest WILL be paid on the Escrow Account." *Id.*

As promised, Bank of America paid Plaintiff interest on the funds in her escrow account each year at the rate prescribed by Maryland law. When it did so, Bank of America told Plaintiff she had received interest. For example, Plaintiff received tax forms that reflected interest had been credited to her escrow account. *See* Ex. 3 at 1; Ex. 4 at 1; Clark Dep. 70:6-74:5. In addition, Bank

of America provided Plaintiff an annual escrow account disclosure statement, which showed Bank of America paid interest annually on the escrowed funds. *See* Ex. 5 at 1-2; Clark Dep. 74:11-77:17.

### C. Plaintiff's 2010 Mortgage Loan.

In March 2010, Plaintiff refinanced that mortgage loan, again with Bank of America. Again, an escrow account was established in connection with this new mortgage loan. Again, Plaintiff never asked whether she would receive interest on funds set aside in this escrow account. Clark Dep. 79:3-6.

Unlike her prior loan, Plaintiff did not receive interest on funds in the escrow account that was established for this loan. *Id.* at 84:12-88:5, 19-22; 89:1; Ex. 6 at 2. This is because ███

████████████████████████████████████████████████████

████████████ Ex. 10 ("Orriss Dep.") 44:20-45:1. The new practice Bank of America followed in connection with Plaintiff's 2010 mortgage loan was consistent with federal regulations, which authorized national banks like Bank of America to "make real estate loans . . . without regard to state law limitations concerning," among other things "[t]he terms of credit," "escrow accounts," and "servicing . . . of . . . mortgages." 12 C.F.R. § 34.4(a)(4), (6), (10) (2010). It was also consistent with state guidance, issued by the Maryland Attorney General, stating that certain federally chartered depository institutions need not comply with Maryland's escrow interest law. *See* State of Maryland Opinion No. 90-025, 75 Md. Op. Atty. Gen. 218, 1990 WL 595325 (May 29, 1990).

Accordingly, following Bank of America's new approach to paying interest on escrow accounts, Plaintiff did not receive any interest on the mortgage escrow account established with her 2010 mortgage loan. Clark Dep. 88:1-5, 19-22; 89:1; Ex. 6, at 2. Plaintiff never contacted

Bank of America to inquire about this fact or to complain that she was no longer receiving interest on her mortgage loan account.  Clark Dep. 137:12-22.

      **D.**      **Plaintiff's 2013 Mortgage Loan.**

In 2013, Plaintiff refinanced her mortgage loan with Bank of America a third time.  Clark Dep. 90:10-12.  When choosing a lender for her refinance, Plaintiff testified that the only important mortgage term to her was the interest rate on her principal loan amount.  *Id.* at 90:22-91:19.  In connection with her 2013 loan, Plaintiff never asked Bank of America whether it would pay her interest on escrowed funds because it "was probably not something [she] was thinking about at the time."  *Id.* at 109:11-19.

During the refinancing process, Plaintiff grew frustrated with what she perceived as delays.  *Id.* at 92:7-94:16, 97:20-101:5; Ex. 7 at 1; Ex. 8 at 1.  She approached a Maryland lender, Mortgage America Bankers, to solicit a mortgage offer.  Clark Dep. 94:13-95:13; Ex. 11 at 3.  She never asked whether Mortgage America Bankers would require her to set up an escrow account or, if it did, whether she would receive interest on any escrowed funds.  Clark Dep. 96:18-97:14; Ex. 11 at 1-7.  Plaintiff ultimately refinanced with Bank of America, even though the Bank offered a higher mortgage interest rate than the rate she had discussed with Mortgage America Bankers.  Clark Dep. 107:19-108:4.

After her refinance had closed, Bank of America sent Plaintiff each year an "Escrow Account Review."  *See* Ex. 12 ("Bernal Decl."), ¶ 6 & Ex. C-G; Clark Dep. 119:11-125:16.  Like the annual escrow account disclosure statement discussed earlier, these documents showed all transactions on Plaintiff's escrow account.  Unlike earlier escrow account disclosures in connection with her 2005 Bank of America loan, none of these "Escrow Account Reviews" showed that Plaintiff had been paid interest on her escrowed funds.  Bernal Decl., ¶ 6 & Ex. C at 4-5, Ex. D at 4-5, Ex. E at 4-5, Ex. F at 3, Ex. G at 3.

Over the life of this 2013 loan,  *See* Bernal Decl., ¶ 8, Ex. H at 1-9. *See id.* at ¶ 9-10 & Ex. H at 1.

    **E.    Plaintiff's Lawsuit.**

Plaintiff testified that she could not recall when she realized that she was not receiving interest in connection with her 2013 mortgage loan.  Clark Dep. 89:2-90:9, 116:21-118:16.  She claims she discovered the issue because "at some point I must have looked at my escrow statement and noticed there was no interest and wondered about that."  *Id.* at 127:2-14.  Yet Plaintiff never contacted Bank of America to ask why she was not receiving interest on her mortgage escrow account.  *Id.* at 137:12-22.

Instead, Plaintiff filed this lawsuit in November 2018, more than five-and-a-half years after she refinanced her mortgage loan with Bank of America in 2013.  *See* ECF No. 1.  The thrust of Plaintiff's lawsuit is that Bank of America violated Md. Code, Comm. Law § 12-109 by failing to pay her interest on the mortgage escrow account balance for that loan.  Plaintiff asserted claims for violations of § 12-109 and the MCPA, and for breach of contract and unjust enrichment.[1] Plaintiff believes she is owed $69.40 in interest on escrowed funds from 2015 to 2019.  *See* Ex. 13 at 9-10.

Following discovery, Plaintiff appeared to abandon many of the claims in her complaint. For example, Plaintiff clarified in her class certification motion that her MCPA claim rested only

---

[1]    Plaintiff also asserted a claim for violations of the Truth in Lending Act, but this Court dismissed that claim as barred by the statute of limitations.  *See* ECF No. 39 at 22.

on alleged violations of Md. Code, Comm. Law § 13-301(1) and (3), which prohibit making false or misleading statements that have "the capacity, tendency, or effect of deceiving or misleading consumers" and the "[f]ailure to state a material fact if the failure deceives or tends to deceive," respectively.   *See* Mem. in Supp. of Pl's. Mot. for Class Certification, ECF No. 101-1, at 2. Plaintiff also did not seek certification of a class asserting unjust enrichment claims.  And although Plaintiff initially requested injunctive relief in her complaint, *see* ECF No. 1 at 13-14, she now only seeks to certify a damages-only class, *see* ECF No. 101-1 at 2.

###### F.    Plaintiff's New Mortgage Loan.

After she filed this lawsuit, Plaintiff sold her home in Maryland and moved to Georgia, where she intends to live "[f]orever."  Clark Dep. 10:4-5, 30:16-19.  ██████████████████ ████████████████████████████  Bernal Decl., ¶ 11-12 & Ex. I at 1.

Plaintiff obtained a new mortgage loan to purchase her new home in Georgia from a lender other than Bank of America.  Clark Dep. 31:16-32:14.  She never considered obtaining that mortgage from Bank of America, *id.* at 32:15-17, and she does not intend to apply for a mortgage from Bank of America in the future, *id.* at 32:22-33:2.

Even though she was in active litigation against Bank of America for failing to pay her interest on her mortgage escrow account, Plaintiff never asked her new lender whether it would pay her interest on her mortgage escrow account.  *Id.* at 32:2-11.  At the time of her deposition in this case, and although Plaintiff knew her new lender required her to make payments into a mortgage escrow account, Plaintiff testified that she did not know whether that lender would pay her interest on her escrow account.  *Id.* at 31:16-22, 32:1.

### PROCEDURAL STANDARD

Summary judgment should be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  To survive

summary judgment, Plaintiff "must provide enough admissible evidence to 'carry the burden of proof in [its] claim at trial.'"  *Schwartz v. Travelers Prop. Cas. Ins. Co.*, 2021 WL 1060289, at *2 (D. Md. Mar. 19, 2021) (Gallagher, J.).  Summary judgment also is warranted if Plaintiff "fails to provide evidence that establishes an essential element of the case."  *Id.*

## ARGUMENT

### I.    THERE IS NO PRIVATE RIGHT OF ACTION TO ENFORCE SECTION 12-109.

Although the Complaint asserts a cause of action under Section 12-109, *see* ECF No. 1, ¶¶ 52-61, there is no private cause of action to enforce that statute.  The statute does not contain an express right of action, and there is no basis to imply one.  In the absence of a right to sue, the claim fails.

Under Maryland law, "[a] private cause of action in favor of a particular plaintiff or a class of plaintiffs does not exist simply because a claim is framed that a statute was violated and a plaintiff or class of plaintiffs was harmed by it."  *Baker v. Montgomery County*, 427 Md. 691, 708-09 (2012).  Rather, "[t]he central inquiry remains whether the legislative body intended to create, either expressly or by implication, a private cause of action."  *Id.* at 710 (quoting *Touche Ross & Co. v. Redington*, 442 U.S. 560, 575-76 (1979)).  Here, there is no express private cause of action to enforce Section 12-109.

Nor is there any basis to imply a private right of action.  Maryland follows a modified version of the U.S. Supreme Court's test in *Cort v. Ash* to determine whether courts should imply a private right of action to enforce a Maryland statute.  *See Baker*, 427 Md. at 709 & n.15.  Under this test, courts examine (1) whether the plaintiff is "one of the class for whose special benefit the statute was enacted"; (2) whether there is "any indication of legislative intent, explicit or implicit, either to create such a remedy or to deny one"; and (3) whether it is "consistent with the underlying

purposes of the legislative scheme to imply such a remedy for the plaintiff." *Scull v. Groover*, 435 Md. 112, 121-22 (2013).  Even assuming that the General Assembly intended Section 12-109 to benefit individuals like Plaintiff, "whether it intended also that" Section 12-109 "create an implied private cause of action is a separate issue." *Baker*, 427 at 712; *see also Touche Ross*, 442 U.S. at 578 ("[T]he mere fact that [a statute] was designed to provide protection for [a class of persons] does not require the implication of a private damages action in their behalf.").

Since Maryland adopted the modified *Cort v. Ash* test, the Maryland Court of Appeals has never recognized an implied private right of action despite multiple occasions where it was asked to do so.  *See Fangman v. Genuine Title, LLC*, 447 Md. 681, 703 (2016) (no private right of action to enforce anti-kickback statute in real estate transactions); *Scull*, 435 Md. at 122 (no private right of action to enforce prohibition against balance billing); *Baker*, 427 Md. at 715 (no private right of action to enforce municipal speed monitoring systems regulations); *Erie Ins. Co. v. Chops*, 322 Md. 79, 91-92 (1991) (no private right of action to enforce Maryland statute requiring notice of insurance coverage cancellation).  This reflects the general rule in Maryland that "[w]here the legislature has intended to create a private cause of action for violations of a statute, it has done so explicitly." *Wal Mart Stores, Inc. v. Holmes*, 416 Md. 346, 376 n.8 (2010).

The present case provides no reason to depart from this approach.  Section 12-109 was enacted to impose rules governing how certain lenders administered escrow accounts.  Nothing in Section 12-109's "plain language, legislative history, nor legislative purpose demonstrates any intent on the General Assembly's part to create a private right of action." *Fangman*, 447 Md. at 685, 725 (finding no private right of action in similar circumstances).  "While legislative silence is not conclusive, this certainly weighs against finding a private right of action." *Scull*, 435 Md. at 123.

When the General Assembly intended to create a private cause of action to enforce other provisions of Title 12 of the Commercial Law portion of the Maryland Code, it did so expressly. Section 12-109 appears in Subtitle 1 of Title 12, which is titled "Interest & Usury." Other provisions of that subtitle establish maximum permissible interest rates. *See, e.g.*, Md. Code, Comm. Law §§ 12-103, 12-104. The General Assembly explicitly created a private right of action to enforce these usury provisions. *See id.* §§ 12-111(b) ("A private action for usury under this subtitle may not be brought more than 6 months after the loan is satisfied."); *id.* § 12-114(b)(1) (providing borrower recovery rules for usury, and limits on "a claim or plea of usury").

The fact that the General Assembly created a private cause of action for violations of usury statutes, but did not create such a right in the statute governing payment of interest-on-escrowed funds that appears in the same subtitle, confirms there is no private right of action to enforce Section 12-109. As the Maryland Court of Appeals has instructed, "where a statute expressly provides a particular remedy or remedies, a court must be chary of reading others into it." *Baker*, 427 Md. at 713; *see also Staley v. Americorp Credit Corp.*, 164 F. Supp. 2d 578, 581 (D. Md. 2001) (citing the General Assembly's decision to explicitly provide a private right of action for violation of certain provisions of the Maryland Commercial Code governing mortgage loans as evidence that there is no private right of action to enforce other provisions); *Schaeffer v. United Bank & Trust Co.*, 32 Md. App. 339, 349 (Ct. Spec. App. 1976) (holding that Section 12-114 does not provide a civil remedy to enforce Section 12-106). Bank of America therefore is entitled to summary judgment on Plaintiff's claim under Section 12-109.

## II.   PLAINTIFF'S MCPA CLAIM FAILS.

Plaintiff's class certification motion proceeds on the theory that Bank of America has violated Md. Code, Comm. Law § 13-301(1), which prohibits affirmative misrepresentations, and

Md. Code, Comm. Law § 13-301(3), which prohibits omissions.  *See* ECF No. 101-1 at 14.
Plaintiff does not have a claim under either provision.

Plaintiff cannot proceed on an omission theory.  She did not allege that theory in her
complaint, *see* ECF No. 1 ¶¶ 62-78, and so cannot maintain that claim now.  *See Casey v. Geek
Squad Subsidiary Best Buy Stores, L.P.*, 823 F. Supp. 2d 334, 359 (D. Md. 2011) ("While the
Federal Rules of Civil Procedure establish a liberal pleading standard, they do not afford plaintiffs
with an opportunity to raise new claims at the summary judgment stage.").  Even if the Court might
have entertained such a change in approach, Plaintiff is barred from doing so because she did not
identify any omissions in her discovery responses when asked to identify the factual basis for her
claim that Bank of America violated Section 13-301.  *See* Clark Dep. 146:14-151:16; Ex. 13 at 5-
6.[2]

That leaves Plaintiff's affirmative misrepresentation claim.  That claim is based exclusively
on Plaintiff's contention that Bank of America's promise in Plaintiff's mortgage agreement to
comply with "Applicable Law" constitutes a misrepresentation.  Although Plaintiff also claims
that a document titled "Notice Concerning Your Escrow Account"—which Bank of America
provided to some borrowers at closing that states "[t]he federal law and regulations that Bank of
America and its subsidiaries are subject to do not require the payment of interest on escrow
accounts" (Ex. 9)—contains misrepresentations, Plaintiff testified that she never received this
document, Clark Dep. 110:8-112:6.  She also did not produce a copy of this document, even though
she testified she retained a complete copy of all documents she was provided when she closed on

---

[2]    In any event, any state-law claim based on an omission theory would be preempted for
impermissibly seeking to impose additional disclosure requirements.  *See* 12 C.F.R. § 34.4(a)(9);
*Rose v. Chase Bank USA, N.A.*, 513 F.3d 1032, 1038 (9th Cir. 2008) (disclosure requirements for
loans preempted).

her 2013 mortgage loan.  *Id.* at 111:21-112:6.  As a result, Plaintiff cannot base an MCPA claim upon this document.  Plaintiff did not identify any other alleged misrepresentations in her discovery responses.[3]  *See* Ex. 13 at 5-6.

Plaintiff's MCPA claim, therefore, narrows down to the single assertion that her Deed of Trust contains the actionable misrepresentation.  To prove that her mortgage agreement contains a misrepresentation in violation of Md. Code, Comm. Law § 13-301(1), Plaintiff must show that she "reasonably relied to [her] detriment on some promise or misrepresentation made by" Bank of America.  *Green v. Wells Fargo Bank, N.A.*, 927 F. Supp. 2d 244, 253 (D. Md. 2013), *aff'd*, 582 F. App'x 246 (4th Cir. 2014).  Plaintiff's misrepresentation claim suffers from three flaws:  Bank of America has not made an actionable misrepresentation, any misrepresentation claim is barred by the statute of limitations, and Plaintiff did not rely on the alleged misrepresentation.

**A.**     **Plaintiff Has Not Identified an Actionable Misrepresentation.**

**1.**     **A Breach-of-Contract Cannot Give Rise to an MCPA Claim.**

Plaintiff contends that her Deed of Trust contains an actionable misrepresentation because Bank of America agreed that it would pay interest on escrow if required to do so by "Applicable Law."  Bernal Decl., Ex. A § 3.  But it is well established that a mere breach-of-contract cannot give rise to an MCPA claim.  *See Hebbeler v. First Mariner Bank*, 2018 WL 3818855, at *7 (D. Md. Aug. 10, 2018) (dismissing an MCPA claim deriving from the terms of a written forbearance agreement); *Bezmenova v. Ocwen Fin. Corp.*, 2013 WL 3863948, at *6 (D. Md. July 23, 2013) (dismissing MCPA claim rooted in underlying contractual dispute).  Plaintiff contends that the

---

[3]     The Complaint also alleged that Plaintiff's account statements and escrow statements were misleading, *see* ECF No. 1, ¶ 71-71, but Plaintiff disavowed this allegation in discovery. She did not identify these statements as misrepresentations in her written discovery responses, *see* Ex. 13 at 5-6 , and she admitted in deposition that she believed her account statements were accurate, Clark Dep. 149:21-150:4, 11-18.

Bank's promise to "pay interest on escrowed funds if Applicable Law requires" and its subsequent failure to do so amounts to a misrepresentation under the MCPA.  *See* Ex. 13 at 5-6.  This, however, is nothing more than a contention that Bank of America breached its contract with Plaintiff—*i.e.*, the Bank promised to pay interest, then did not perform that obligation.  This Court should reject Plaintiff's attempt to spin this alleged breach-of-contract into an MCPA violation.[4]

### 2.    A Mistake of Law Cannot Give Rise to an MCPA Claim.

Plaintiff has failed to identify an actionable misrepresentation for another reason:  she is challenging the Bank's legal position, which is not actionable under the MCPA.

Plaintiff's MCPA claim amounts to a challenge to the validity of Bank of America's legal position that federal law preempts Md. Code, Comm. Law § 12-109.  But a party "cannot be liable under the MCPA for asserting a legal position on a novel issue of law, which turned out to be incorrect."  *Chavis v. Blibaum Assocs., P.A.*, 246 Md. App. 517, 535, *appeal docketed on other grounds*, 471 Md. 100 (2020); *see also Rojas v. Delta Airlines, Inc.*, 425 F. Supp. 3d 524, 541 (D. Md. 2019) ("[F]raud cannot be predicated upon misrepresentations of law or misrepresentations as to matters of law").

Whether Section 12-109 required the Bank to pay interest on Plaintiff's escrowed funds has not been settled, and when Plaintiff closed her loan in 2013 there was ample reason to conclude that it did not.  Both the Maryland Attorney General and the Office of the Comptroller of the Currency had taken the position that federal banking law preempted Section 12-109.  *See* State of Maryland Opinion No. 90-025, 75 Md. Op. Atty. Gen. 218, 1990 WL 595325, at *1 (May 29, 199); 12 C.F.R. § 34.4; Brief for Office of the Comptroller of the Currency as Amici Curiae

---

[4]     To the extent Plaintiff's misrepresentation claim is essentially an asserted breach of the Deed of Trust, it is barred for the further reason that she never gave Bank of America notice and a right to cure as required by that same Deed of Trust.  *See infra* at 19-21.

Supporting Appellees, *Lusnak v. Bank of Am., N.A.*, 883 F.3d 1185 (9th Cir. 2018), 2018 WL 3702582.  Although this Court has ruled otherwise, a court in New York recently observed that there is a "substantial ground" for disagreement as to whether the National Bank Act preempts state interest-on-escrow laws like Section 12-109.  *Hymes v. Bank of Am., N.A.*, 2020 WL 9174972, at *5 (E.D.N.Y. Sept. 29, 2020).  The Fourth Circuit has not yet ruled on the issue, and the Second Circuit recently granted an interlocutory appeal to resolve a similar legal question in a case concerning New York's interest-on-escrow law.  *See Bank of Am., N.A. v. Hymes*, No. 20-3582 (2d Cir. Feb. 19, 2021), ECF No. 26.  Statements made to borrowers consistent with this unsettled legal position thus cannot qualify as misrepresentations under the MCPA.

The Maryland Court of Special Appeals' recent decision in *Chavis*, issued after this Court ruled on Bank of America's motion to dismiss, is instructive.  There, a collection agency applied a 10% interest rate when garnishing plaintiffs' wages to satisfy a judgment.  A court subsequently ruled that Maryland law limited the collection agency to applying a 6% interest rate.  The plaintiffs later sued, alleging documents reflecting a 10% interest rate qualified as misrepresentations under the MCPA.  The Maryland Court of Special Appeals affirmed dismissal of the MCPA claim because the documents at issue were based on the defendant's legal position—unsettled at the time—that 10% was the correct interest rate, and "the reports sent to Appellants did not inaccurately reflect payments that were made toward the satisfaction of the judgments." *Chavis*, 246 Md. App. at 534-35; *accord Rojas*, 425 F. Supp. 3d at 541 (dismissing RICO claim predicated on line-item charge that erroneously imposed a tax on customers because the charge was "a misrepresentation of law that cannot be the basis for a predicate act of fraud").

*Chavis* is consistent with the general rule that statements about legal positions are not actionable misrepresentations. *See, e.g.*, *Sosa v. DIRECTV, Inc.*, 437 F.3d 923, 940 (9th Cir. 2006)

("It is well established, however, that misrepresentations of the law are not actionable as fraud.");

*McMullen v. Synchrony Bank*, 300 F. Supp. 3d 292, 305 (D.D.C. 2018) ("an incorrect legal

conclusion . . . cannot support a fraud claim" under the District of Columbia's consumer protection

statute); *Ellis v. J.P. Morgan Chase & Co.*, 2016 WL 5815733, at *7 (N.D. Cal. Oct. 5, 2016)

("fraud cannot be predicated on misrepresentations as to the legal effect of a written instrument");

*Smith v. Flagstar Bank, F.S.B.*, 2015 WL 1221270, at *5 (E.D. Va. Mar. 17, 2015) ("Defendant's

general statement that 'misrepresentation[s] of law cannot constitute fraud . . . is true."). As in

these cases, Plaintiff is merely challenging a statement that reflects Bank of America's legal

position that Plaintiff was not entitled to interest on her escrow account. Such statements are not

misrepresentations under the MCPA.[5]

### B.    Plaintiff's MCPA Claim Is Barred by the Statute of Limitations.

Plaintiff's MCPA claim also is untimely because Plaintiff should have been aware of facts

supporting her MCPA claim more than three years before she filed the lawsuit. An MCPA claim

must be filed "within three years from the date it accrues." Md. Code Cts & Jud. Proc. § 5-101;

*Master Fin., Inc. v. Crowder*, 409 Md. 51, 64 (2009). Plaintiff's cause of action accrued when she

knew or reasonably should have known that Bank of America made a misrepresentation. *See*

*Walton v. Wells Fargo Bank, N.A.*, 2013 WL 3177888, at *6 (D. Md. June 21, 2013).

This Court observed at the motion-to-dismiss stage that "BofA has made a compelling

argument that Plaintiff should have been aware of the facts substantiating its MCPA claim in 2013,

when it was clear that BofA would not pay interest on escrow accounts." ECF No. 39 at 21.

---

[5]      Indeed, another court refused to permit plaintiffs to proceed with a deception claim under
New York's consumer protection statute arising out of Bank of America's position that federal
law preempted any state-law requirement to pay interest on escrowed funds because "although the
Bank may have erroneously withheld fees, there can be no contention that it attempted to deceive
Plaintiffs along the way." *Hymes v. Bank of Am., N.A.*, 408 F. Supp. 3d 171, 200 n.20 (E.D.N.Y.
2019).

Although this Court found it premature to dismiss Plaintiff's MCPA claim on statute-of-limitations grounds, it invited Bank of America to "demonstrate, over the course of discovery, that Plaintiff was or should have been aware of the facts underlying her claim." *Id.* Discovery now has proven that Plaintiff should have been aware of the facts underlying her claim well before November 29, 2015, three years before she filed this lawsuit.

The only misrepresentation Plaintiff has identified was in "the documents that I signed, the closing documents." Clark Dep. 146:14-150:4; *see also* Ex. 13 at 5. Plaintiff closed on her mortgage on February 13, 2013, Bernal Decl., ¶ 5 & Ex. A at 15, so the misrepresentation at issue was made more than five years before she filed this lawsuit.

Plaintiff also should have realized that Bank of America would not pay her interest on her escrowed funds by the time she received her first escrow account statement in August 2014, more than four years before she filed this lawsuit. In contrast to the escrow account statements she received in connection with her 2005 loan—which showed Bank of America had paid interest on Plaintiff's escrow account, Ex. 3 at 2—her August 2014 and August 2015 escrow statements did not reflect any interest payments. Bernal Decl., ¶ 6 & Ex. C at 4-5, Ex. D at 4-5, Ex. E at 4-5, Ex. F at 3, Ex. G at 3; Clark Dep. 119:11-126:9. Plaintiff admitted that she realized she was not being paid interest because "at some point I must have looked at my escrow statement and noticed there was no interest and wondered about that." Clark Dep. 127:9-13. By Plaintiff's own admission, a review of her 2014 or 2015 escrow account statements—sent more than three years before Plaintiff filed this lawsuit—would have informed her that she was not receiving interest on escrow. In addition, Plaintiff should have realized she would not receive interest on escrowed funds at closing: unlike in 2005, when Plaintiff signed a document at closing in which Bank of America told Plaintiff that "interest WILL be paid on the Escrow Account," Ex. 2, Plaintiff did not sign any

16

similar document when she closed on her 2013 loan.  Plaintiff's MCPA claim is therefore barred

by the MCPA's three-year statute of limitations.

### C.      Plaintiff Did Not Rely on Any Alleged Misrepresentation.

Plaintiff's MCPA claim also fails because she did not rely on any of the alleged statements

that she now claims are misleading.  "For . . . material misrepresentation . . . claims under the

MCPA, a party must prove reliance."  *Neal v. Pentagon Fed. Credit Union*, 2018 WL 5786119, at

*23 (D. Md. Nov. 5, 2018); *see also Lloyd v. Gen. Motor Corp.*, 397 Md. 108, 143 (2007) ("The

consumer must have suffered an identifiable loss, measured by the amount the consumer spent or

lost *as a result of his or her reliance* on the sellers' misrepresentation." (emphasis added)).  "A

consumer relies on a misrepresentation when the misrepresentation substantially induces the

consumer's choice."  *Currie v. Wells Fargo Bank, N.A.*, 950 F. Supp. 2d 788, 796 (D. Md. 2013).

There is no evidence that Plaintiff relied on any statements made by Bank of America about

interest on her escrow account.  Plaintiff testified that whether she would receive interest on funds

held in her escrow account was not important to her; she identified only the interest rate on her

principal loan amount when asked what terms were important to her.  Clark Dep. 64:13-17; 78:4-

19; 90:22-91:19.  As Plaintiff testified about her 2013 refinancing process:

> Q When you were considering whether to refinance with Bank of
> America in 2013, what terms were important to you?
>
> A Probably the interest rate.
>
> Q Was there any other terms of your mortgage loan that were
> important to you . . . when you refinanced your mortgage with
> Bank of America in 2013?
>
> A I don't know.
>
> Q As you sit here today can you think of anything else that was
> important to you besides the mortgage rate when you refinanced
> your mortgage loan with Bank of America in 2013?

COURT REPORTER: Could you repeat your answer, please?

A No. That was my answer; no.

Clark Dep. 90:22-91:19.

If Plaintiff believed the payment of interest on escrow would "substantially induce" her choice to obtain a mortgage from Bank of America, she had ample opportunity to investigate lenders' interest-on-escrow practices. She did not do so. Each time she refinanced her mortgage with Bank of America, Plaintiff never investigated whether she would receive interest on her escrow account. *Id.* at 64:22-65:8, 79:3-11, 109:11-15, 112:21-113:5; *see also id.* at 97:6-14 (testifying that she considered refinancing with Mortgage America Bankers in 2013, but did not investigate whether she would receive interest on escrowed funds). This remains true years after Plaintiff filed this lawsuit: she obtained a new mortgage from a different lender in Georgia, yet has no idea still today whether she would receive interest on the escrow account associated with that mortgage loan. *See id.* at 32:2-11.

Plaintiff has no evidence that she relied on Bank of America's alleged misrepresentation, and thus cannot proceed on her MCPA claim. *See also Lupo v. JPMorgan Chase Bank, N.A.*, 2015 WL 5714641, at *11 (D. Md. Sept. 28, 2015) (granting summary judgment where Plaintiff did not provide any evidence he "justifiably relied on" defendants' misrepresentation); *Bank of Am., N.A. v. Jill P. Mitchell Living Tr.*, 822 F. Supp. 2d 505, 536 (D. Md. 2011) (granting summary judgment on MCPA claim where evidence showed plaintiff did not rely on alleged misrepresentation).

## III.    PLAINTIFF'S BREACH-OF-CONTRACT CLAIM FAILS.

Plaintiff claims that Bank of America breached its contract with her when it determined in 2013 that it would not pay her interest on escrowed funds. This claim should be dismissed because discovery has shown that Plaintiff failed to comply with the notice provision of her contract before

filing this lawsuit.  At a minimum, the statute of limitations bars Plaintiff from recovering damages that accrued before November 2015.

      **A.**      **Plaintiff Failed to Comply With the Notice-And-Cure Provision of Her Mortgage Agreement.**

It is fundamental that where a contractual duty is subject to a condition precedent, there is no duty of performance, and there can be no breach by nonperformance until the condition precedent is either performed or excused.  *Laurel Race Course, Inc. v. Regal Const. Co.*, 274 Md. 142, 154 (1975).  Courts have long recognized that a party's breach-of-contract claim fails if the party does not comply with a provision that requires the parties to give notice of, and the opportunity to cure, any breach before filing suit.  *See, e.g.*, *Richards v. NewRez LLC*, 2021 WL 1060286, at *21 (D. Md. Mar. 18, 2021) (collecting cases interpreting mortgage agreements and noting that "[w]hen claims arise from actions taken pursuant to the contract or agreement at issue, a valid notice and cure provision is a precondition to the suit."); *Gerber v. First Horizon Home Loans Corp.*, 2006 WL 581082, at *2 (W.D. Wash. Mar. 8, 2006) (interpreting mortgage agreement and observing that parties must "follow dispute resolving methods they have contracted to before they may resort to the courts").

Plaintiff's Deed of Trust required her to give Bank of America written notice and an opportunity to cure any breach of the agreement before seeking judicial remedies.  Plaintiff failed to satisfy this condition precedent, making judgment warranted for Bank of America on her breach-of-contract claim.

Plaintiff's Deed of Trust provides in pertinent part:

> Neither Borrower nor Lender may commence, join, or be joined to any judicial action (as either an individual litigant or the member of a class) that arises from the other party's actions pursuant to this Security Instrument *or that alleges that the other party has breached any provision of, or any duty owed by reason of, this Security Instrument*, until such Borrower or Lender has notified the other party ...

of such alleged breach and afforded the other party hereto a reasonable period after the giving of such notice to take corrective action.

Bernal Decl., Ex. A, § 20 (emphasis added).  Plaintiff's breach-of-contract claim in this case lies squarely within the scope of this provision.  That claim arises out of Section 3 of the Deed of Trust, which provides "[u]nless an agreement is made in writing or Applicable Law requires interest to be paid on [funds held in Plaintiff's escrow account], Lender shall not be required to pay Borrower any interest or earnings on the Funds."  *Id.* at § 3.  According to Plaintiff, Bank of America breached this provision when it failed to pay interest on escrowed funds in the manner purportedly required by that agreement.

Thus, Plaintiff's breach-of-contract claim necessarily is based on allegations "that [Bank of America] has breached any provision of . . . this Security Instrument."  *Id.*; *see* ECF No. 1 ¶¶ 45-50 (Count I).  Therefore, under the plain language of her Deed of Trust, before Plaintiff commenced this action, she should have "notified [Bank of America] of [the] alleged breach and afforded [it] a reasonable period after the giving of such notice to take corrective action."  Bernal Decl., ¶ 5 & Ex. A at § 20.

It is undisputed that Plaintiff did not do so.  Plaintiff testified at her deposition that when she discovered the purported breach, she did nothing to comply with the notice-and-cure provision.  Clark Dep. 137:12-22.  In fact, Plaintiff admits she never contacted Bank of America to request interest be paid on her escrow account, either before *or after* she filed this lawsuit.  *Id.* at 65: 4-8, 68:2-4; 79:7-11, 109:11-110:2, 137:7-22; *see also* Ex. 14 ("Pierce Decl."), ¶ 9.  Instead of notifying Bank of America that she believed it was in breach of their contract and requesting that it cure the breach, Plaintiff hired an attorney and filed this lawsuit.  Clark Dep. 129:13-130:9; 136:1-137:11.

Other federal courts have held that the *exact same* notice-and-cure provision that appears in Plaintiff's Deed of Trust applies to lawsuits like this one regarding the payment of interest on

escrow funds, and held that plaintiffs cannot move forward with their claims if they did not comply with these provisions. *See, e.g.*, *Wilde v. Flagstar Bank FSB*, 2019 WL 1099841, at *2-3 (S.D. Cal. March 8, 2019) ("Flagstar's decision not to pay interest on the account was therefore a decision made 'pursuant to' the Deed of Trust."). Even outside the context of lawsuits relating to the payment of interest on escrow accounts, other courts in the Fourth Circuit routinely refuse to permit breach-of-contract claims arising out of mortgage agreements to proceed if a plaintiff failed to comply with the contract's notice-and-cure provision. *See, e.g.*, *Estep v. Fed. Home Loan Mortg. Corp.*, 2014 WL 1276495, at *3-4 (S.D.W. Va. Mar. 27, 2014) (granting summary judgment and dismissing claims predicated on breach of deed of trust where undisputed evidence showed failure to comply with notice and cure); *Niyaz v. Bank of Am.*, 2011 WL 63655 at *2 (E.D. Va. Jan. 3, 2011) (granting summary judgment to defendant and dismissing case for failure to comply with notice-and-cure provisions in deed of trust where "*all* of Plaintiff's allegations arise from actions taken pursuant to the Deed of Trust").[6]

Here, the undisputed evidence is that Plaintiff did not provide any notice to Bank of America before she filed this suit for breach-of-contract, as she was required to do under the express terms of her Deed of Trust. Accordingly, judgment is warranted for Bank of America on her breach-of-contract claim.

---

[6]     Cases outside of the Fourth Circuit also regularly reach the same result. *Pfendler v. PNC Bank, Nat'l Ass'n*, 2018 WL 2688502, at *3-*4 (W.D. Pa. June 5, 2018) (dismissing a would-be class representative's breach-of-contract claim where she failed to comply with the notice-and-cure provision of a mortgage agreement), *aff'd*, 765 F. App'x 858 (3d Cir. 2019); *Giotta v. Ocwen Fin. Corp.*, 2016 WL 4447150, at *4 (N.D. Cal. Aug. 24, 2016), *aff'd*, 706 F. App'x 421, 422-23 (9th Cir. 2017) (holding that a statutory claim regarding defendant's charging of fees "for services performed in connection with [plaintiff's] default" was subject to a notice-and-cure clause in a mortgage agreement); *Hill v. Nationstar Mortg. LLC*, 2015 WL 4478061, at *3-4 (S.D. Fla. July 2, 2015) (dismissing class action claims arising from breach of mortgage contract for failure to comply with notice and cure).

**B.      Plaintiff May Not Recover Damages for Interest Not Paid Prior to November 2015.**

To the extent Plaintiff's breach-of-contract claim is not barred by her failure to comply with the notice-and-cure provision of her mortgage agreement, Plaintiff is limited to recovering only for damages incurred after November 29, 2015, because any prior claims are barred by Maryland's three-year statute of limitations.  *See* Md. Code Cts & Jud. Proc. § 5-101.  Plaintiff appears to concede she cannot recover damages prior to November 29, 2015, which was three years before she filed this lawsuit, because her discovery responses and the expert testimony she proffered have only calculated alleged damages with respect to a period starting in 2015.  *See* Ex. 13 at 9-10.

## IV.    PLAINTIFF'S UNJUST ENRICHMENT CLAIM FAILS.

Plaintiff appears to have abandoned her unjust enrichment claim, because she no longer seeks class certification of that claim.  To the extent Plaintiff still intends to pursue that claim on an individual basis, summary judgment should be entered for Bank of America for three reasons.

*First*, Plaintiff's unjust enrichment claim survived a motion to dismiss based on the allegation "that BofA leveraged Plaintiff's escrow account to generate 'float' income for itself, instead of paying interest on these funds to Plaintiff."  ECF No. 39 at 18.  Discovery proved that no evidence supports this allegation.  Orriss Dep. 83:22-84:3; Ex. 13 at 7-8.  Instead, Plaintiff's escrowed funds ███████████████████████████ Orriss Dep. 83:22-84:3.  In the absence of such evidence, the Court's previous framing of the only potential theory of unjust enrichment requires judgment to be entered for Bank of America.

*Second*, there is no triable issue on the entire factual record.  The elements of unjust enrichment require Plaintiff to show (1) "[a] benefit conferred upon the defendant by the plaintiff," (2) "[a]n appreciation or knowledge by the defendant of the benefit," and (3) "[t]he acceptance or

22

retention by the defendant of the benefit under such circumstances as to make it inequitable for the defendant to retain the benefit without the payment of its value." *Berry & Gould, P.A. v. Berry*, 360 Md. 142, 151 (2000) (internal quotation omitted).  Plaintiff received substantial benefits in exchange for depositing escrowed funds with the Bank.  She received—at no cost to herself—the use of an escrow account, which she has admitted that she found to be helpful because she "didn't have to worry about paying the taxes and insurance."  Clark Dep. 55:21-56:14.  Bank of America also continued to advance expenses on Plaintiff's behalf even when her escrow account balance was not sufficient to cover her taxes and fees, preventing Plaintiff from incurring late fees or facing other penalties.  Bernal Decl., ¶¶ 9-10 & Ex. H at 1.  And Plaintiff also was repeatedly delinquent on her mortgage repayment obligations, ██████████████████████████ from February 2013 to June 2020.  *Id.* ¶¶ 9-10 & Ex. H at 1-9.  There is no contrary evidence that could possibly allow Plaintiff to make out a genuine dispute that the value of receiving those benefits from Bank of America was less than the $69 in unpaid interest that she claims she should have received from 2015 to 2019.

*Finally*, Plaintiff's unjust enrichment claim is barred because "unjust enrichment cannot be asserted when an express contract defining the rights and remedies of the parties exists."  *Cty. Comm'rs of Caroline County v. J. Roland Dashiell & Sons, Inc.*, 358 Md. 83, 101 (2000).  Neither party contests that Plaintiff's Deed of Trust governs the subject matter of her unjust enrichment claim, because it specifies the circumstances under which Plaintiff is owed interest on escrow.  *See* Bernal Decl., ¶ 5 & Ex. A at 5.  Plaintiff's attempt to recast her breach-of-contract claim in this manner undermines the purpose of unjust enrichment, which "is to supply a remedy where no remedy exists under the contract, not to provide two bites at the apple."  *Lantry v. Pitney Bowes Inc.*, 2011 WL 3843693, at *4 (D. Md. Aug. 29, 2011) (internal quotation omitted) (granting

summary judgment on unjust enrichment claim where underlying dispute was controlled by a valid contract).  Because her "mortgage agreement[] expressly govern[s]" escrow interest payments, Plaintiff cannot proceed on an unjust enrichment theory.  *Hymes*, 408 F. Supp. 3d at 199 (dismissing similar unjust enrichment claim).

## V.    PLAINTIFF CANNOT PURSUE INJUNCTIVE RELIEF.

To the extent Plaintiff is still pursuing injunctive relief, she cannot do so because she will not benefit from any injunction.  She therefore lacks Article III standing to seek such relief.

"[A] plaintiff must demonstrate standing for each claim he seeks to press" and "for each form of relief sought."  *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 352 (2006).  Plaintiff must establish "the likelihood of substantial and immediate irreparable injury" to establish Article III standing.  *City of Los Angeles v. Lyons*, 461 U.S. 95, 103 (1983).  This is because "[p]ast exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present adverse effects."  *O'Shea v. Littleton*, 414 U.S. 488, 495-96 (1974).

Plaintiff cannot make this showing because she no longer has an escrow account with Bank of America and therefore will not benefit from any injunction.  On ████████████████████ ███████████████████████████████████████████████████████████████████████ ████████.  Bernal Decl., ¶ 11-12 & Ex. I at 1.  Although Plaintiff obtained a mortgage loan to purchase her new home in Georgia—where she intends to live "[f]orever," Clark Dep. 30:16-19— Bank of America has no involvement in that mortgage loan.  *Id.* at 32:12-17.  Plaintiff testified that she did not consider obtaining her new mortgage from Bank of America, *id.* at 30:22-31:2, 32:15-17, and she does not intend to apply for a mortgage from Bank of America in the future, *id.* at 32:22-33:2.

24

Plaintiff thus can no longer seek injunctive relief. ██████████████████████ and
██████████████████████, so this Court cannot order the Bank to comply
with its obligations under a contract governing how Plaintiff's escrow account will be administered
when that escrow account that no longer exists.  She also does not face the likelihood of future
"substantial and immediate irreparable injury" arising from the Bank's interest-on-escrow
practices in Maryland because she no longer lives in Maryland or is a Bank of America customer.
*Lyons*, 461 U.S. at 103.

## CONCLUSION

The Court should enter summary judgment in favor of Bank of America.

DATED:  June 9, 2021                                     Respectfully submitted,


                                                        By:     /s/ Andrew Soukup
                                                        Mark W. Mosier (admitted *pro hac vice*)
                                                        Andrew Soukup (admitted *pro hac vice*)
                                                        Jeffrey Huberman (admitted *pro hac vice*)
                                                        COVINGTON & BURLING LLP
                                                        One CityCenter, 850 10th Street NW
                                                        Washington, D.C. 20001
                                                        T: (202) 662-6000
                                                        mmosier@cov.com
                                                        asoukup@cov.com
                                                        jhuberman@cov.com

                                                        Thomas M. Hefferon  (Bar No. 15109)
                                                        Tierney E. Smith (Bar No. 20781)
                                                        GOODWIN PROCTER LLP
                                                        1900 N Street NW
                                                        Washington, D.C. 20036
                                                        T: (202) 346-4000
                                                        Thefferon@goodwinlaw.com
                                                        TierneySmith@goodwinlaw.com

                                                        *Attorneys for Defendant*
                                                        *Bank of America, N.A.*

## **CERTIFICATE OF SERVICE**

I certify that on June 9, 2021, I caused the attached Memorandum in Support of Defendant's Motion for Summary Judgment to be filed electronically, via the Court's CM/ECF system, on all counsel registered to receive electronic notices.

DATED:  June 9, 2021                                  Respectfully submitted,

By:     /s/ Andrew Soukup
        Mark W. Mosier (admitted *pro hac vice*)
        Andrew Soukup (admitted *pro hac vice*)
        Jeffrey Huberman (admitted *pro hac vice*)
        COVINGTON & BURLING LLP
        One CityCenter, 850 10th Street NW
        Washington, D.C. 20001
        T: (202) 662-6000
        mmosier@cov.com
        asoukup@cov.com
        jhuberman@cov.com

        *Attorney for Defendant Bank of America, N.A.*

APPENDIX OF EXHIBITS TO
BANK OF AMERICA'S MEMORANDUM IN SUPPORT OF ITS
MOTION FOR SUMMARY JUDGMENT

| Exhibit | Document |
|---|---|
| 1 | Excerpts of Plaintiff Cynthia Clark Deposition ("Clark Dep.") |
| 2 | Plaintiff's 2005 Escrow Reserve Account or Waiver Agreement (Exhibit 8 to Plaintiff Cynthia Clark's Deposition) |
| 3 | Plaintiff's 2008 Mortgage Interest Statement (Exhibit 9 to Plaintiff Cynthia Clark's Deposition) |
| 4 | Plaintiff's 2009 Interest Income Statement (Exhibit 10 to Plaintiff Cynthia Clark's Deposition) |
| 5 | Plaintiff's 2010 Escrow Account Disclosure Statement (Exhibit 11 to Plaintiff Cynthia Clark's Deposition) |
| 6 | Plaintiff's 2013 Escrow Account Disclosure Statement (Exhibit 15 to Plaintiff Cynthia Clark's Deposition) |
| 7 | January 29, 2013 email correspondence between Plaintiff Cynthia Clark and Bank of America (Exhibit 16 to Plaintiff Cynthia Clark's Deposition) |
| 8 | January 30, 2013 email correspondence between Plaintiff Cynthia Clark and Bank of America (Exhibit 17 to Plaintiff Cynthia Clark's Deposition) |
| 9 | 2013 Escrow Notice (Exhibit 20 to Plaintiff Cynthia Clark's deposition) |
| 10 | Excerpts of Jennifer Orriss Deposition ("Orriss Dep.") |
| 11 | Email correspondence between Plaintiff Cynthia Clark and Mortgage America Bankers (dated January 17 and 28, 2013) |
| 12 | Declaration of Amy Bernal ("Bernal Decl.") |
|  | Exhibit A to Bernal Decl.:  Plaintiff's 2013 Deed of Trust |
|  | Exhibit B to Bernal Decl.:  Plaintiff's 2013 Promissory Note |
|  | Exhibit C to Bernal Decl.:  Plaintiff's 2014 Escrow Account Disclosure Statement |
|  | Exhibit D to Bernal Decl.:  Plaintiff's 2015 Escrow Account Disclosure Statement |
|  | Exhibit E to Bernal Decl.:  Plaintiff's 2016 Escrow Account Disclosure Statement |
|  | Exhibit F to Bernal Decl.:  Plaintiff's 2017 Escrow Account Disclosure Statement |
|  | Exhibit G to Bernal Decl.:  Plaintiff's 2018 Escrow Account Disclosure Statement |
|  | Exhibit H to Bernal Decl.:  Plaintiff Loan Payment History, Feb. 2014–June 2020 |
|  | Exhibit I to Bernal Decl.:  Plaintiff Loan Payment History, Apr. 2021 |
| 13 | Plaintiff's Supplemental Responses to Bank of America's First Set of Interrogatories (dated December 18, 2020) |
| 14 | Declaration of Julie Pierce ("Pierce Decl.") |